UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23008-Civ-GAYLES/TORRES

JASPER R. KIRTSEY,

    Plaintiff,

v.

DR. FRANCK K. PAPILLON,
*Chief Health Officer, Date C.I.*,

    Defendant.
                               /

## ORDER ON PLAINTIFF'S
## MOTION FOR MEDICAL EXAMINATION

This matter is before the Court on Jasper R. Kirtsey's ("Plaintiff") motion for a discovery order allowing him to be examined by an impartial medical doctor. [D.E. 34]. Defendant, Dr. Franck K, Papillon, did not filed a response in opposition to Plaintiff's motion and the time to do so has now elapsed.[1] After careful consideration of the motion and the supporting record, and for the reasons set forth below, Plaintiff's' motion is **DENIED**.

### I. ANALYSIS

This is a civil rights action pursuant to 42 U.S.C § 1983. Plaintiff, an inmate at Date Correctional Institution ("Date C.I."), alleges that he has been denied a necessary knee replacement surgery and that such denial amounts to deliberate indifference of his serious medical needs in breach of the Eight Amendment. Among

---

[1] On August 1, 2022, the Honorable Darrin P. Gayles referred all discovery matters to the Undersigned Magistrate for disposition. [D.E. 28].

other things, Plaintiff alleges that the institution's delay in approving the knee replacement surgery has rendered him wheelchair bound.

Plaintiff moves this Court for a discovery order allowing his medical examination by an independent medical doctor. Although Plaintiff's request is framed as a motion to compel discovery,[2] in essence, what Plaintiff is really asking the Court to do is to compel his medical examination by an independent doctor at Defendant's expense. Under the circumstance of this case, we cannot do this.

Federal Rule of Civil Procedure 35(a)(1) states that a Court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, a plaintiff cannot rely on this discovery rule to obtain medical care for himself. *See Rodriguez v. Conway*, No. 10-CV-6243L, 2011 WL 4829725, at *3 (W.D.N.Y. Sept. 6, 2011) (holding that a plaintiff cannot "invoke Rule 35 in order to receive medical care"); *Jenkins v. Doe*, No. 3:09-CV-1194 (SRU/WIG), 2011 WL 121682, at *1 (D. Conn. Jan. 13, 2011) (denying plaintiff's motion for a medical examination under Rule 35 because it was "simply an attempt to obtain medical treatment"). A plaintiff also cannot use Rule 35 to get a free examination of himself for use as evidence in his case. "Although plaintiff has the right to hire his own expert, no civil litigant, even an indigent one, has the legal right to a medical examination at taxpayer expense." *Funderburke v. Canfield*, No. 13-CV-6128G,

---

[2] Citing to Federal Rule of Civil Procedure and Local Rule 26 and arguing that the true extent of his medical limitations can only be ascertained by an impartial doctor. [D.E. 34 at 1].

2014 WL 6390577, at *1 (W.D.N.Y. Nov. 7, 2014) (internal alternations and quotation marks omitted).

Plaintiff suggests that Defendant should bear the costs of his medical examination by an independent doctor, but the record at hand precludes such a ruling. For starters, Plaintiff fails to cite any authority supporting the proposition that this Court is empowered to issue such an order pursuant to Rules 26 or 35. Indeed, multiple courts have ruled to the contrary. *See e.g.*, *Daniels v. Kelchner*, No. CIV 1CV-05-1601, 2007 WL 2068631, at *4-5 (M.D. Pa. July 17, 2007) (denying motion for medical examination because "Plaintiff misconstrues the purpose of Rule 35" in suggesting that it may be used to order a "party's own examination"); *Baltas v. Maiga*, No. 3:20-CV-01177 (MPS), 2021 WL 1299505, at *2 (D. Conn. Apr. 7, 2021) ("Because they attempt to put the discovery rules to impermissible uses, [plaintiff's] motions for medical and psychological examinations [ ] are DENIED.").

Second, nothing in Plaintiff's motion (or the record) indicates that Plaintiff is entitled to the relief he seeks. Plaintiff does not allege that Defendant has denied him access to the medical services provided at Date C.I., nor that he has been arbitrarily denied the opportunity to build a medical record in support of his case. To the contrary, Plaintiff's own pleadings reflect that he has been examined at both the Reception and Medical Center ("RMC") and Date C.I., hence, he clearly has existent records. While Plaintiff may disagree with the medical opinions of Dr. Papillon, Plaintiff's motion fails to demonstrate that, under the circumstances of this case, the Court should order his medical examination by an independent doctor

at Defendant's expense. *See Rodriguez v. Solomon,* No. 2:12-CV-02111-JCM, 2013 WL 1787183, at *3 (D. Nev. Apr. 25, 2013) (denying motion for medical examination where plaintiff "does not allege that the CCDC has refused to allow him to see any doctor" but merely "disagrees with the CCDC doctor's opinions"); *Fraley v. Ohio Dep't of Corr.,* No. 2:15-CV-2902, 2016 WL 106793, at *1 (S.D. Ohio Jan. 11, 2016), *report and recommendation adopted sub nom. Fraley v. Ohio Dep't of Corr.,* No. 2:15-CV-2902, 2016 WL 407848 (S.D. Ohio Feb. 3, 2016) (noting that a request for independent medical examination is an "extraordinary relief" and denying the motion because Plaintiff failed to establish his entitlement to the relief); *Kelchner*, 2007 WL 2068631 at *5 (independent medical examination unwarranted where "Plaintiff can marshal medical evidence as to the seriousness of his condition and respond to any dispositive motion.").

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to for an independent medical examination is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of November, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge